**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 15 2002**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

ANTHONY EDWARD MOLINA,

     Plaintiff - Appellee,

v.

BENJAMIN CHRISTENSEN,

     Defendant,

and

BRENT KEMNITZ; GEORGE
EUGENE STEPHENSON,

     Defendants - Appellants.

No. 01-3244
D.C. No. 00-CV-2585-CM
(D. Kansas)

---

ORDER AND JUDGMENT[*]

---

Before **LUCERO**, **PORFILIO**, and **MURPHY**, Circuit Judges.[**]

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

On November 29, 2000, the Sedgwick County District Court granted Appellee's motion to dismiss without prejudice claims made by Appellee in Kansas state court against Benjamin Christensen. The court ordered that any subsequent action against Christensen brought by Appellee "arising out of this incident shall only be filed in Sedgwick County District Court."

On December 28, 2000, Appellee filed a complaint in federal district court seeking injunctive and declaratory relief against Christensen and Appellants, coaches Brent Kemnitz and George Eugene Stephenson. Appellee asked the court to enjoin Christensen and Appellants from utilizing the Kansas state courts in an attempt to punish Appellee for pursuing his cause of action in federal court and to enjoin them from seeking any form of dismissal or other order that would deprive Appellee of his cause of action. Appellee also sought declaratory relief on the question of whether he had the right to file a proposed complaint in federal court. The proposed complaint was attached to the complaint seeking injunctive and declaratory relief and included causes of action for damages against Christensen and Appellants.[1] That proposed complaint has never been filed in federal court

---

[1]The claims included in the proposed complaint arise from an incident in which Molina was struck in the eye by a warm-up pitch thrown by Christensen during an intercollegiate baseball game between the University of Evansville and Wichita State University. Molina alleges that the willful or negligent conduct of Christensen, Kemnitz, and Stephenson caused the injuries he sustained and his

(continued...)

and there is no claim for damages in this lawsuit.

The district court granted summary judgment in favor of Appellee and entered an order enjoining Christensen and Appellants "from proceeding against [Appellee] in the state courts to seek involuntary dismissal or contempt based on [Appellee's] filing of his cause of action in this federal court" and declaring that Appellee had the right to utilize the federal court for purposes of pursing his claims against Christensen and Appellants. Only Appellants, the coaches, have appealed the grant of summary judgment in favor of Appellee.

In light of the parties' concessions in their supplemental briefs that Appellants are not subject to the Sedgwick County court's order and that Appellee has not yet filed the proposed complaint seeking damages against Appellants in federal court, we conclude that there is no Article III case or controversy between the parties. Consequently, the district court lacked jurisdiction to grant injunctive and declaratory relief to Appellee and the judgment it entered in favor of Appellant is void. *See Richardson v. Ramirez*, 418 U.S. 24, 36, (1974) (noting that federal courts "are limited by the case-or-controversy requirement of Art. III to adjudication of actual disputes between adverse parties"); *United States v. 51 Pieces of Real Property*, 17 F.3d 1306, 1309 (10th Cir. 1994) (stating that "a

---

[1](...continued)
proposed complaint, *inter alia*, seeks damages from all three defendants. According to the parties, however, all claims against Christensen have been settled.

judgment is void if the court that enters it lacks jurisdiction over either the subject matter of the action or the parties to the action"). Because this court also lacks jurisdiction, we may not address the merits of the parties' claims. *See Harline v. DEA*, 148 F.3d 1199, 1202 (10th Cir. 1998) ("If the district court lacked jurisdiction, we have jurisdiction on appeal, not of the merits but merely for the purpose of correcting the error of the lower court in entertaining the suit." (quotation omitted)).

The district court order is hereby **vacated** and the matter is **remanded** with instructions that the action be **dismissed** for lack of jurisdiction.


Entered for the Court


Michael R. Murphy
Circuit Judge